Ryan Lee (SBN: 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x241
Fax: 866-583-3695
rlee@consumerlawcenter.com
Attorneys for Plaintiff,
Dennis Weible

## UNITED STATES DISTRICT COURT,
## DISTRICT OF ARIZONA

| | |
|---|---|
| Dennis Weible, | ) **Case No.:** |
| | ) |
| Plaintiff, | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| v. | ) |
| | ) **(Unlawful Debt Collection Practices)** |
| Nationwide Credit, Inc., | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Dennis Weible (Plaintiff), through his attorneys, KROHN & MOSS, LTD., alleges the following against Nationwide Credit, Inc. (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the state of Arizona, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

- 1 -

PLAINTIFF'S COMPLAINT

**PARTIES**

5.  Plaintiff is a natural person residing in Mesa, Maricopa County, Arizona.

6.  Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

7.  Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

8.  Defendant is a collection agency located in Kennesaw, Georgia and conducts business in Arizona.

9.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Defendant is attempting to collect from Plaintiff on a debt owed.

11. On December 3, 2010, Defendant placed collection calls to Plaintiff at 10:14 a.m., 10:18 a.m., 11:51 a.m., 11:51 a.m., and 11:56 a.m. from 770-612-7070.

12. On December 3, 2010, Defendant left a voicemail message for Plaintiff that did not identify it was a debt collector.  *See* transcribed voicemail attached as Exhibit "A."

13. Further, Defendant's message stated it had "called (Plaintiff's) attorney" leaving Plaintiff to believe there was a pending legal matter.  *See* Exhibit "A."

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

14. Defendant violated the FDCPA based on the following:

    a.  Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of Plaintiff's alleged debt.

b.  Defendant violated §1692d(5) of the FDCPA by  causing telephone to ring or engaging Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass Plaintiff.

c.  Defendant violated §1692e of the FDCPA by making false, deceptive, and misleading representations in connection with the debt collection.

d.  Defendant violated §1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken.

e.  Defendant violated §1692e(11) of the FDCPA by failing to disclose in its voicemails to Plaintiff that the communication was from a debt collector and anything said would be used for that purpose.

WHEREFORE, Plaintiff, Dennis Weible, respectfully requests judgment be entered against Defendant, Nationwide Credit, Inc., for the following:

15. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

16. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

17. Any other relief that this Honorable Court deems appropriate.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff, Dennis Weible, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED:  January 4, 2011                KROHN & MOSS, LTD.


By: /s/ Ryan Lee

Ryan Lee
Attorney for Plaintiff

PLAINTIFF'S COMPLAINT

1

2

3                          **VERIFICATION OF COMPLAINT AND CERTIFICATION**

4    STATE OF ARIZONA

5          Plaintiff, Dennis Weible, states as follows:

6     1.    I am the Plaintiff in this civil proceeding.
      2.    I have read the above-entitled civil Complaint prepared by my attorneys and I believe
7           that all of the facts contained in it are true, to the best of my knowledge, information
            and belief formed after reasonable inquiry.
8     3.    I believe that this civil Complaint is well grounded in fact and warranted by existing
            law or by a good faith argument for the extension, modification or reversal of existing
9           law.
      4.    I believe that this civil Complaint is not interposed for any improper purpose, such as
10          to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a
            needless increase in the cost of litigation to any Defendant(s), named in the
11          Complaint.
      5.    I have filed this Complaint in good faith and solely for the purposes set forth in it.
12    6.    Each and every exhibit I have provided to my attorneys which has been attached to
            this Complaint is a true and correct copy of the original.
13    7.    Except for clearly indicated redactions made by my attorneys where appropriate, I
            have not altered, changed, modified or fabricated these exhibits, except that some of
14          the attached exhibits may contain some of my own handwritten notations.

15          Pursuant to 28 U.S.C. § 1746(2), I, Dennis Weible, hereby declare (or certify, verify
      or state) under penalty of perjury that the foregoing is true and correct.

16

17    DATE: 12/27/10                   _____
                                                Dennis Weible
18

19

20

21

22

23

24

25

                                          - 5 -

                              PLAINTIFF'S COMPLAINT